**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 09-cv-00752 -CMA-CBS (Lead Case)
(consolidated with 09-cv-01222-CMA-CBS and 09-cv-01356-CMA-CBS)

Rochelle Mandelbaum, individually and as executrix of
The Estate of Donald Mandelbaum;
Giuseppe Santinello;
Anne J. Del Casino;
Robert Halio; and
Stephanie Halio,
on behalf of themselves and other person similarly situated,

Plaintiffs

*v.*

Fiserv, Inc.,
Fiserv Trust Company,
Retirement Accounts, Inc.,
NTC & Co. LLP,
Trust Industrial Bank,
Lincoln Trust Company,

Defendants.

---

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER REGARDING ELECTION OF ARBITRATION RIGHTS**

---

Plaintiffs, by and through their attorneys, Interim Lead Counsel Lovell Stewart Halebian LLP and Interim Liaison Counsel Burg Simpson Eldredge Hersh & Jardine, P.C., hereby submit their response brief in opposition to "Defendants' Motion for Reconsideration of Order Regarding Election of Arbitration Rights" (Doc. 111) (the "Motion for Reconsideration."

## INTRODUCTION

Plaintiffs respectfully submit this memorandum to demonstrate that the

Defendants' Motion for Reconsideration should be denied and Defendants should be held to have waived any rights to compel arbitration of the claims herein.

Defendants seek to manipulate the legal process with their untimely and unsupported Motion for Reconsideration in order to gain an unfair tactical advantage and delay resolution of this matter. Defendants contend in their Motion for Reconsideration that they can submit to the Court motions for class-wide rulings on the merits of Plaintiffs' claims but the Court cannot require Defendants to choose between arbitration and litigation. Defendants' position is untenable because they must elect either to invoke the provision that "all claims and disputes" be decided in arbitration, or to waive that requirement. The Court expressly allowed Defendants to make that choice by August 19, 2010 or forever to hold its peace and agree that the Court should decide the pending motions on a class-wide basis. The Court had every right to set a deadline for Defendants to make that decision in order to promote judicial economy, to prevent delay, and to avoid manipulation of the legal process. Instead of adhering to the Court's clear instruction, Defendants sought reconsideration of the Court's interlocutory Order without even attempting to demonstrate that its motion is supported by any of the recognized grounds justifying reconsideration. Accordingly, the motion must be denied and Defendants' conduct, both in the seventeen months of litigation already conducted as well as in Defendants' failure to move to compel arbitration by the Court's August 19, 2010 deadline, should be deemed a waiver of the arbitration clause.

This litigation was triggered by the loss of approximately eight hundred retirees' life savings that was revealed in the winter of 2008. Litigation in this Court began nearly a year-and-a-half ago to determine Defendants' liability for those losses. During the

pendency of the case, Defendants have filed multiple complex, comprehensive, *Twombley*[1]-style Fed. R. Civ. P. 12(b)(6) motions to dismiss based on the merits, the submissions for which comprised hundreds of pages and the argument for which took the better part of a day last month. In fact, while Defendants purport to have brought their motions to dismiss under Rule 12(b)(6), the true basis is an affidavit with hundreds of pages of attached exhibits. *See* Siegel Dec., Docket No. 81. Making forty-plus disputed fact assertions (*see* Docket No. 90-1 Ex. A), Defendants ask this Court for "plausibility" rulings on the merits of all of Plaintiffs' claims as well as on many of Defendants' affirmative defenses, including but not limited to the statute of limitations, waiver and contract modification by conduct.

Further, rather than seeking to compel arbitration, they have instead moved to stay arbitration in a related case and asked that it be added to the docket of this Court.[2] And they have litigated other cases arising from many of the same and similar alleged failures in two other federal district courts, including one action that was settled after a class was certified.[3] At no time during those seventeen months did Defendants assert that any of the claims brought by Plaintiffs were subject to arbitration. Indeed, not until the Court raised the question *sua sponte* during oral argument held August 9, 2010 did Defendants first utter the word "arbitration," and even then only to hedge their bets.

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

[2] *See Trust Indus. Bank et al. v. Guggenheimer et al.*, No. 09-cv-01658-CMACBS (D.Colo. July 13, 2000) (attached as Exhibit 1).

[3] *See Jenson et al. v. First Trust Corp. et al.*, Case No. 2:05-cv-03124, 2008 U.S. Dist. LEXIS 45078 (C.D. Cal. June 9, 2008) (attached as Exhibit 2); *see also Hines et al. v. Fiserv Inc., et al.*, Case No. 8:08-cv-02569, U.S. Dist. LEXIS 39896 (M.D. Fla. Mar. 25, 2010) (attached as Exhibit 3).

In response to the Court's order to take a position on whether it sought to compel arbitration, Defendants instead filed a motion for "reconsideration." In the instant motion, Defendants once again seek to keep all their options open, apparently shopping for a finder of fact to their liking. They ask the Court to devote untold additional time and resources to sort through the pending motions to dismiss, and then depending on how the Court rules, they promise to turn around and move to compel individual arbitrations against these hundreds of plaintiffs, many of whom are elderly and destitute and most if not all of whom cannot afford arbitration.

This type of abusive litigation conduct ought not be tolerated. Through their attempted manipulation of the judicial process, Defendants have clearly waived any right to compel arbitration of any of the claims before the Court. Plaintiffs respectfully request that the Court enter a an order to that effect.

## I. DEFENDANTS HAVE NOT EVEN ATTEMPTED TO DEMONSTRATE—NOR COULD THEY EVER DEMONSTRATE—THAT THEIR MOTION IS SUPPORTED BY ANY OF THE RECOGNIZED GROUNDS JUSTIFYING RECONSIDERATION

As a threshold matter, the Court's Order that is the subject of this Motion for Reconsideration is an interlocutory order, not a judgment, and under the law of this district, Defendants are not entitled to reconsideration of the Order because they have not shown grounds to reconsider. The Federal Rules of Civil Procedure do not expressly provide for motions for "reconsideration" of interlocutory orders. *See Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995); *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1224 n.2 (10th Cir. 2008). Nevertheless, the Court has the inherent power to reconsider its interlocutory orders before judgment is

entered. *National Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000); *United Fire & Cas. Co. v. Boulder Plaza Residential*, LLC, No. 06-cv-00037, 2010 U.S. Dist. LEXIS 14257, 2010 WL 420046, *3 (D. Colo. Feb. 1, 2010) (attached as Exhibit 4). However, "[i]n order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders." *United Fire & Cas. Co.*, 2010 U.S. Dist. LEXIS 14257, 2010 WL 420046, at *3. Courts in this District recognize three grounds for reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Hammoud v. No Named Defendant*, No. 10-cv-1368, 2010 WL 3306943 at *1 (D. Colo. Aug. 19, 2010) (Arguello, J.), (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005 (10th Cir. 2000)) (attached as Exhibit 5). Defendants have not even attempted to demonstrate — nor could they ever demonstrate — that their motion is supported by any of the exclusive recognized grounds justifying reconsideration.

For this reason alone, this Court must deny Defendants' Motion for Reconsideration.

## II. DEFENDANTS HAVE ALREADY WAIVED ANY RIGHT THEY MAY HAVE TO MOVE TO COMPEL ARBITRATION

### A. The Legal Standard and Decisional Law Background

Even had Defendants promptly complied with this Court's August 9, 2010, order by moving to compel arbitration, that motion should have been denied because Defendants had already waived their purported right to compel arbitration.

Parties seeking to demonstrate a waiver of arbitration rights carry "a heavy burden of proof." *Peterson v. Shearson / American Express, Inc.*, 849 F.2d 464, 466 (10th Cir. 1988). Courts in this Circuit analyze a number of non-exclusive factors when determining if waiver has occurred: "(1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether 'the litigation machinery has been substantially invoked' and the parties 'were well into preparation of a lawsuit' before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) 'whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place'; and (6) whether the delay 'affected, misled, or prejudiced' the opposing party." *Id.* at 467-68 (quoting *Reid Burton Const., Inc. v. Carpenters Dist. Council of S. Colo.*, 614 F.2d 698, 702 (10th Cir. 1980)). And finally, they weigh "whether the party now seeking arbitration is improperly manipulating the judicial process." *Hill v. Ricoh Americas Corp.*, 603 F.3d 766, 773 (10th Cir. 2010).

Defendants correctly note that some cases analyzing this issue have held that merely filing a simple motion to dismiss is normally not enough to effect waiver. *See, e.g., Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004); *Williams v. Cigna Fin. Advisors, Inc.*, 56 F.3d 656, 661-62 (5th Cir. 1995); *Rush v. Oppenheimer & Co.*, 779 F.2d 885, 888 (2d Cir. 1985); *Lake Communications, Inc. v. ICC Corp.*, 738, F.2d 1473, 1477 (9th Cir. 1984). There is ample contrary authority, however, including three recent Circuit Court of Appeals decisions holding that by bringing complex,

substantive motions to dismiss, thereby substantially invoking the "litigation machinery," the parties had in fact waived their right to compel arbitration. *Hooper v. Advance America, Cash Advance Centers of Missouri, Inc.*, 589 F.3d 917 (8th Cir. 2009); *In re Mirant Corp.*, No. 09-10451 (5th Cir. Aug. 2, 2010) (attached as Exhibit 6); *Khan v. Parsons Global Services, Ltd.*, 521 F.3d 421 (D.C. Cir. 2008). These more recent decisions, particularly *Hooper*, are more germane to the factual scenario present here.

Significantly, the Court of Appeals for this Circuit cited with approval and discussed at some length *Hooper* in its recent *Hill* decision. 603 F.3d at 773-74. While it ultimately found no waiver in *Hill*, the Court wrote of its obligation to carefully consider "whether the party now seeking arbitration is improperly manipulating the judicial process." *Id.* at 773.

A careful look at the *Hooper* decision is instructive, as the facts underlying the decision are closely aligned with those present here, particularly the fact that plaintiffs in Hooper sought to litigate a class action, not a "one-off" employment dispute as in *Hill* and equivalent cases. In *Hooper*, the defendant's "extensive" motion to dismiss contained a purported reservation-of-rights to compel arbitration in the event the court denied its motion to dismiss. 589 F.3d at 919. When the district court partially denied the motion to dismiss, the defendant moved to stay the case and to compel arbitration, approximately three months after first filing its motion to dismiss and four-and-a-half months after the onset of the litigation. *Id.* at 920, 922. The district court denied the motion to compel arbitration and the defendant appealed. *Id.* at 920.

The Court of Appeals affirmed the district court's rulings, noting that by "seeking a decision on the merits on each count," defendant had sought "an immediate and total

victory in the parties' dispute." *Id.* at 922. It cited numerous decisions from several circuits in which courts held that submitting a case to the trial court for a decision on the merits was inconsistent with a desire to arbitrate. *See Lewallen v. Green Tree Servicing, L.L.C.*, 487 F.3d 1085, 1092 (8th Cir. 2007); *Petrol. Pipe Ams. Corp. v. Jindal Saw, Ltd.*, 575 F.3d 476, 480 (5th Cir. 2009) ("A party waives arbitration by seeking a decision on the merits before attempting to arbitrate"); *St. Mary's Med. Ctr. Of Evansville, Inc. v. Disco Aluminum Prods. Co.*, 969 F.2d 585, 589 (7th Cir. 1992).

The *Hooper* Court pointed out that "[m]otions to dismiss are not homogeneous," and district courts should consider "the totality of the circumstances." 589 F.3d at 922. Noting that the defendant's motion to dismiss was "extensive and exhaustive," "substantially invok[ing] the litigation machinery," in the Court's view, defendant's conduct made plain that it "wanted to see how the case was going in federal district court before deciding whether it would be better off there or in arbitration." *Id.* Rejecting this effort, it affirmed the district court's observation that "want[ing] to play *heads I win, tails you lose*...is the worst possible reason for [a party's] failing to move for arbitration sooner than it did." *Id.* (emphasis added).

In analyzing prejudice, the *Hooper* Court noted, among other factors, that the defendant had waited over four-and-a-half months before moving to compel arbitration. *Id.* In addition, the defendant's motion to dismiss "forced Plaintiffs to brief fully a number of substantive issues," and the defendant "would presumably seek to reargue in arbitration the issues it lost in the district court's ruling on its motion to dismiss, i.e., 'attempt to take a proverbial second bite at the apple.'" *Id.* (internal citation omitted). (While finding the concern was not dispositive, the Court of Appeals shared the district

court's "concern that a ruling [that there was no waiver] would promote forum shopping and waste judicial resources." *Id.* at n.6.) Summing up its prejudice analysis, the Court held that "[p]rejudice results when...parties...litigate substantial issues on the merits, or when compelling arbitration would require a duplication of efforts." *Id.* at 923 (citations omitted).

**B. The Relevant Decisional Law Supports the Conclusion that Defendants Have Waived Any Right To Compel Arbitration**

Here, in moving to dismiss all counts, Defendants, as in *Hooper*, have sought "an immediate and total victory" in the dispute. Their motions were not merely procedural and did not seek clarification; they sought to end the case with a favorable ruling on the merits. Their motions to dismiss were "extensive and exhaustive," comprising hundreds of pages and apparently leading the Court to revise its rules in order to receive such lengthy filings. They have forced Plaintiffs to fully brief a host of substantive issues, many if not all of which Defendants would presumably try to relitigate before an arbitration panel if given the opportunity, plainly resulting in enormous "duplication of efforts."

Defendants' apparent strategy has been to "run out the clock." Even seventeen months into the litigation, it took the Court's prodding for them to even address the arbitration question. The Court raised the question *sua sponte* during oral argument. The Court indicated that it "wanted to get on the record whether defendant is waiving arbitration so we don't have that come up in the middle of our preparation for this case." August 9, 2010 Hearing Transcript ("Tr.")(attached as Exhibit 7) at 6. Defendants' counsel stated that it was not waiving any arbitration rights, and that "the law is clear that the filing of a motion to dismiss does not constitute a waiver of the right

to arbitrate." *Id.* The Court responded, "Well, I think it better arise soon, because I don't want to waste my time, as I did this last week on this, if you all are intending to go to arbitration." *Id.* The Court ordered Defendants to elect whether to compel arbitration within ten days or "it will be deemed waived." Instead, Defendants made this Motion for Reconsideration, deflecting the Court's direct question by purportedly deferring their decision.

Both at argument and in the instant motion, Defendants have acknowledged that they would wait to see how the litigation was going before making a final election of forum, a transparent effort at "manipulating the judicial process" that would meaningfully prejudice Plaintiffs. As in *Hooper*, Defendants' "failure...to move promptly for arbitration is powerful evidence that [they] made [their] election—against arbitration." *Id.* at 923 (quoting *Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995). Simply put, the strategy Defendants have pursued is the epitome of "heads I win, tails you lose," and the Court should not permit it.

### C. Defendants' Conduct Is Inconsistent with the Arbitration Clause that "All Claims and Disputes" Shall Be Submitted to Arbitration

The arbitration clause at issue provides that "all claims and disputes of every type and matter which may arise between the Account Owner and Retirement Accounts, Inc." shall be decided by arbitration. "Broad arbitration" clauses such as this typically are interpreted to reserve to the arbitrator the right to determine defenses on the merits. *See Howsam v Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84-85 (2002); *St. Paul Fire & Marine Ins. Co. v. Apartment Investment & Mgmt. Co.*, 09-cv-2353-WDM-KMT, 2010 U.S. Dist. LEXIS 25371 (D. Colo. March 3, 2010) (attached as Exhibit 8)

(denying insurer's motion to dismiss on the merits; reserving for the arbitrator a determination of whether claims should be dismissed or were arbitrable).

The Court properly raised the issue of whether Defendants wished to invoke the arbitration provision or waive the arbitration provision and allow the Court to decide the pending motions on the merits. Defendants' motions to dismiss clearly submitted to the Court for resolution a dispute that arose between the parties, contrary to the arbitration statement. Accordingly, if the Court were to decide the motions to dismiss, it would be a waiver of the provision. In order to avoid the possible manipulation of the judicial process, the Court expressly warned Defendants that unless they decided to invoke the arbitration clause by August 19, 2010, it would proceed to decide the dispute on the merits and Defendants would thereby waive the provisions of that statement.

Even if Defendants' conduct in filing complex and comprehensive motions to dismiss did not constitute a waiver—which Plaintiffs believe it did—Defendants' refusal to invoke the arbitration provision by the Court-imposed deadline constitutes a waiver. Indeed, in many contexts courts routinely find waiver when a party fails to abide by a court-imposed deadline. *See, e.g.*, *United States v. Trobee*, 551 F.3d 835, 838 (8th Cir. 2009) (finding waiver of right to file motion to suppress, noting "[c]ourts have a legitimate interest in the enforcement of scheduling deadlines"); *Torres-Vargas v. Perreira*, 431 F.3d 389, 393 (1st Cir. 2005) (affirming dismissal of case, noting "party's disregard of a court order is a paradigmatic example of extreme misconduct," recognizing "the court's strong interest in maintaining discipline and husbanding scarce judicial resources" and finding that "[i]t is settled law that a party flouts a court order at his peril"). The Court's order setting a deadline for Defendants to elect whether to

invoke arbitration sought to avoid "gamesmanship" and manipulation of the judicial process by requiring Defendants to decide whether the Court or an arbitrator should determine issues on the merits. The Court's order also was consistent with judicial economy and avoiding further delay that could result if the Court were to decide certain issues on the merits, with the arbitrator re-considering some of those same issues at a different stage in the proceeding. By continuing to seek this Court's determination of the motions to dismiss after the deadline and in spite of the Court's express warning, Defendants have elected the forum to decide this dispute on the merits and have waived arbitration.

**D. Defendants Have Not Elected to Stay the Proceedings and "Sort Out" Arbitrable from Non-Arbitrable Claims**

Defendants posture their argument by claiming that the motions to dismiss merely seek to sort out arbitrable from non-arbitrable claims. While it is true that several of Plaintiffs' claims are outside the scope of the arbitration clause,[4] Defendants have not brought any motions consistent with the arbitration clause to determine which claims are arbitrable. The proper procedure where arbitrable and non-arbitrable claims are brought in the same litigation is to determine which claims are arbitrable and stay the proceedings only as to the arbitrable claims unless the arbitrable claims will have a preclusive effect on the remaining claims. *Chelsea Family Pharm., PLLC v. Medco Health Solutions, Inc.*, 567 F.3d 1191, 1200 (10th Cir. 2009). In so doing, the Court preserves the right of the arbitrator to decide arbitrable issues on the merits and the

---

[4] The arbitration statements typically contained in the IRA contracts provide only for arbitration of claim and disputes that arise "between the Account Owner and Retirement Accounts, Inc." or other custodian. Accordingly, tort claims brought against defendants other than the custodian, including Fiserv ISS division of Fiserv, Inc. as the negligent party responsible for the conduct, as well as claims for aiding and abetting breach of fiduciary duty would fall outside the arbitration provision.

right of the Court to decide non-arbitrable issues. This procedure also prevents undue delay by allowing litigation of the non-arbitrable claims to proceed in parallel with arbitration.

However, Defendants have not invoked that process, but instead have embarked on a course inconsistent with the right to arbitration. *See, e.g., Conrad v. Phone Directories Co.*, 585 F.3d 1376, 1386 (10th Cir. 2009) (seeking a judicial remedy of dismissal of claims instead of a stay to invoke arbitration is inconsistent with the Federal Arbitration Act; accordingly there is no appellate jurisdiction under the FAA to review denial of a motion to dismiss). Defendants have submitted to the Court substantive motions to dismiss seeking class-wide dismissal of claims that would appear to fall within at least some of the arbitration agreements. Defendants have not moved to stay arbitrable claims and submit them to arbitration or to sort out the arbitrable from non-arbitrable claims. Instead, Defendants want to catch a glimpse of whether this Court views Plaintiffs' case favorably on the merits and then decide whether it wishes to seek a new decision maker by moving to compel arbitration. The Court should reject Defendants' characterization of its motions to dismiss as merely an attempt to sort out arbitrable from non-arbitrable claims.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that Defendants' motion for reconsideration be denied and that the Court enter a declaratory judgment finding that Defendants have waived any right they may have had to compel arbitration of the claims at issue in this matter.

Dated: September 9, 2010

/s/ Brian K. Matise
Brian K. Matise
**BURG SIMPSON ELDRIDGE HERSH & JARDINE, P.C.**
40 Inverness Drive East
Englewood, CO 80112
Telephone: 303-792-5595
Plaintiffs' Interim Liaison Counsel

Christopher Lovell
**LOVELL STEWART HALEBIAN LLP**
61 Broadway, Suite 501
New York, NY 10006
Telephone: 212-608-1900
Plaintiffs' Interim Lead Counsel

Jacob H. Zamansky
Edward H. Glenn, Jr.
Kevin D. Galbraith
**ZAMANSKY & ASSOCIATES LLC**
50 Broadway, 32nd Floor
New York, NY 10004

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September 2010, a true and correct copy of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER REGARDING ELECTION OF ARBITRATION RIGHTS** was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses and I hereby certify that I have mailed the foregoing document via United States Postal Service, first class postage prepaid to the non-CM/ECF participants.

| | | |
|---|---|---|
| Kristin a. Martinez<br>kristin@dyerberens.com | Ian J. McLoughlin<br>mcloughlin@shulaw.com | N. Louise Ellingsworth<br>nellingsworth@bryancave.com |
| Tamir I. Goldstein<br>tgoldstein@sah.com | Kelly A. Noto<br>knoto@gardylaw.com | Darci F. Madden<br>dfmadden@bryancave.com |
| Brian G. Eberle<br>beberle@sah.com | Mark C. Gardy<br>mgardy@gardylaw.com | John M. Clear<br>jmclear@bryancave.com |
| Kenneth Barry Siegel<br>ksiegel@sah.com | James S. Notis<br>jnotis@gardylaw.com | Charles Dufresne<br>cdufresne@sglawyers.com |
| Thomas G. Shapiro<br>shapiro@shulaw.com | Christopher Lovell<br>clovell@lshllp.com | Douglas Hirsch<br>dhirsch@sglawyers.com |

*Original signature on file*

*/s/Jasmeen Campbell*
Jasmeen Campbell